## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

———————————————————— )
DRACY MCKNEELY,                          )
                                         )
            Plaintiff,                   )
                                         )
      v.                                 )        Civil Action No. 13-1097 (EGS)
                                         )
UNITED STATES                            )
DEPARTMENT OF JUSTICE,                   )
                                         )
            Defendant.                   )
———————————————————— )

## MEMORANDUM OPINION

Plaintiff challenges the response of the Drug Enforcement Administration ("DEA") to his Freedom of Information Act ("FOIA") request. As DEA's parent agency, the Department of Justice ("DOJ") claims that DEA has fully complied with FOIA and moves for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, ECF No. 28. Upon consideration of the parties' submissions, including plaintiff's cross motion for summary judgment, ECF No. 32, DOJ's reply, ECF No. 34, and plaintiff's reply, ECF No. 36, the Court will grant defendant's motion, deny plaintiff's motion, and enter judgment accordingly.

## I. BACKGROUND

Plaintiff, a federal prisoner, was convicted by a District of Colorado jury of possession with intent to distribute fifty grams or more of cocaine base and was sentenced to life imprisonment. *United States v. McKneely*, 69 F. 3d 1067, 1070 (10th Cir. 1995). On November 14, 2010, plaintiff requested from DEA all records about him pertaining to the criminal investigation and his arrest. Decl. of Katherine Myrick ("Myrick Decl."), Ex. A (FOIA Req.),

ECF No. 28-4.   Plaintiff specifically requested (1) telephone records "from Concord Hotel room 666 regarding criminal offense dated 2/13/1992 in case 93-cr-308," which, according to plaintiff, were in the possession of "the lead agent at that time," and (2) "copies of transcripts of all tape recordings, and audio recordings regarding case 93-cr-308 dated 2/13/1992."  FOIA Req. at 4.

On September 26, 2011, DEA released to plaintiff two redacted pages of information and withheld fourteen pages completely.  DEA withheld information under FOIA exemptions 3, 7(C), 7(E), and 7(F), codified in 5 U.S.C. § 552(b), and Privacy Act exemption (j)(2), codified in 5 U.S.C. § 552a.  *Id.*, Ex. E.  Plaintiff appealed DEA's decision to the Office of Information Policy ("OIP"), which affirmed the decision by letter dated June 18, 2012.  *Id.*, Ex. H.

Dissatisfied with the agency's action, plaintiff filed this civil action in July 2013.  On February 12, 2014, DEA released 128 responsive pages to plaintiff, withheld 38 pages and two cassette tapes, and referred 48 pages as follows: 19 pages to the Bureau of Prisons ("BOP"); 11 pages to the Executive Office for United States Attorneys ("EOUSA"); 16 pages to the Federal Bureau of Investigation ("FBI"); 2 pages to the U.S. Marshals Service.  Each of those DOJ components were directed to process the referred records and respond directly to plaintiff.  *Id.*, Exs. I, J, K, L, M.  DEA withheld information under FOIA exemptions 7(C), 7(D), 7(E), and 7(F), and Privacy Act exemption (j)(2).  *Id.*, Ex. I.

On February 20, 2014, the Marshals Service released the two referred pages with the names of government employees redacted pursuant to FOIA exemptions 7(C) and 7(F).  *Id.*, Ex. N.  On March 19, 2014, BOP released 20 referred pages, 14 containing redactions, and withheld one referred page completely.  BOP invoked FOIA exemptions 5, 6, 7(C) and 7(E).  *Id.*, Ex. O. On April 4, 2014, the FBI released the 16 referred pages completely.  *Id.*, Ex. P.  On August 26,

2014, EOUSA released 10 referred pages, 2 containing redactions, and withheld one referred

page completely.  *Id.*, Ex. Q.  EOUSA invoked FOIA exemptions 5, 7(C) and 7(F).

## II.  LEGAL FRAMEWORK

### A.  Rule 56

Pursuant to Federal Rule of Civil Procedure 56, summary judgment should be granted if

the moving party has shown that there are no genuine issues of material fact and that the moving

party is entitled to judgment as a matter of law.  *See* Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett*,

477 U.S. 317, 325 (1986); *Waterhouse v. District of Columbia*, 298 F.3d 989, 991 (D.C. Cir.

2002).  In determining whether a genuine issue of material fact exists, the court must view all

facts in the light most favorable to the non-moving party.  *See Matsushita Elec. Indus. Co. v.*

*Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

### B.  FOIA

The FOIA requires agencies to disclose all requested agency records, 5 U.S.C. § 552(a),

unless one of nine specific statutory exemptions applies, *id.* § 552(b). "It is designed to pierce the

veil of administrative secrecy and to open agency action to the light of public scrutiny."

*Consumers' Checkbook, Ctr. for the Study of Servs. v. United States HHS*, 554 F.3d 1046, 1057

(D.C. Cir. 2009) (internal quotation marks omitted).  "Consistent with 'the basic policy that

disclosure, not secrecy, is the dominant objective of the Act,' the statutory exemptions are

'narrowly construed.' " *Id.* (quoting *Dep't of Air Force v. Rose*, 425 U.S. 352, 361 (1976)); *see*

*also Wolf v. CIA*, 473 F.3d 370, 374 (D.C. Cir. 2007) ("Given the FOIA's broad disclosure

policy, the United States Supreme Court has 'consistently stated that FOIA exemptions are to be

narrowly construed.' " (quoting *Dep't of Justice v. Julian*, 486 U.S. 1, 8 (1988))).

"FOIA's 'strong presumption in favor of disclosure places the burden on the agency' to justify nondisclosure." *Consumers' Checkbook*, 554 F.3d at 1057 (quoting *Dep't of State v. Ray*, 502 U.S. 164, 173 (1991)).  The government may satisfy its burden by submitting appropriate declarations and, where necessary, an index of the information withheld. *See Vaughn v. Rosen*, 484 F.2d 820, 827-28 (D.C. Cir. 1973).  "If an agency's affidavit describes the justifications for withholding the information with specific detail, demonstrates that the information withheld logically falls within the claimed exemption, and is not contradicted by contrary evidence in the record or by evidence of the agency's bad faith, then summary judgment is warranted on the basis of the affidavit alone." *ACLU v. Dep't of Defense*, 628 F.3d 612, 619 (D.C. Cir. 2011). Moreover, " 'an agency's justification for invoking a FOIA exemption is sufficient if it appears 'logical' or 'plausible.' ' " *Id*. at 619 (quoting *Larson v. Dep't of State*, 565 F.3d 857, 862 (D.C. Cir. 2009)).

## III.  DISCUSSION

Plaintiff challenges the adequacy of DEA's search and the propriety of DEA's claimed exemptions.  *See* Pl.'s Statement of Disputed Material Facts, ECF No. 32.[1]

## 1. The Search for Records

When a requester questions the search for responsive records, an agency is entitled to summary judgment if it demonstrates that no material facts are in dispute and that it conducted a search for records in its custody or control, *Kissinger v. Reporters Committee for Freedom of the Press*, 445 U.S. 136, 150-51 (1980), that was reasonably calculated to uncover all relevant

---

[1]   Plaintiff has not challenged DEA's referral of records, which the Court finds was consistent with DOJ regulations.  *See* 28 C.F.R. § 16.4(d)(2) ("When the component processing the request believes that a different component . . . is best able to determine whether to disclose the record, the component typically should refer the responsibility for responding to the request regarding that record, as long as the referral is to a component . . . that is subject to the FOIA. Ordinarily, the component . . . that originated the record will be presumed to be best able to make the disclosure determination.").

information, *Weisberg v. Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984).  The agency

may rely on a reasonably detailed affidavit or declaration that explains the scope and method of

the search.   *Moore v. Nat'l DNA Index Sys.*, 662 F. Supp. 2d 136, 139 (D.D.C. 2009).  The

adequacy of the search is determined by the methods, not the results.  Thus, an agency's failure

to find a particular document does not alone indicate an inadequate search.  *Id.* (citing *Wilbur v.*

*CIA*, 355 F.3d 675, 678 (D.C. Cir. 2004); *Nation Magazine v. United States Customs Serv.*, 71

F.3d 885, 892 n.7 (D.C. Cir. 1995)).

Defendant's declarant is the Chief of the Records Management Section of DEA's

FOIA/Privacy Act Unit.  Myrick Decl. ¶ 1.  She states that in June 2011, a FOIA Specialist

conducted a search of the DEA Narcotics and Dangerous Drugs Information System (NADDIS),

which "is the index to and the practical means by which DEA retrieves investigative reports and

information from IFRS."  *Id.* ¶¶ 33, 36.  The latter, short for Investigative Reporting and Filing

System, is DEA's Privacy Act system of records that contains all administrative, general, and

criminal investigative files compiled for law enforcement purposes.  *Id.* ¶ 33.  Myrick avers that

any records responsive to plaintiff's request would have been maintained in IFRS.  *Id.* ¶¶ 25-26.

NADDIS is indexed by investigative file numbers, dates of investigative reports, forms

and other such documents, and by individuals' names, social security numbers and/or dates of

birth.  *Id.* ¶ 34.  A NADDIS query by plaintiff's name, social security number, and date of birth

located two criminal investigative files containing the 214 pages of responsive material and two

cassette tapes that are the subject of this action.  *Id.* ¶¶ 36-37.

Plaintiff challenges the search because the agency's description of responsive records

"does not list any phone records to Concord Hotel, Room 666."  Pl.'s Opp'g Facts ¶ 1.  Even if

true, that omission alone is of no material consequence.  Myrick describes the two cassette tapes

that were withheld as "contain[ing] recordings of telephone conversations," and one is a

"cassette tape of calls at Hotel on 2/13/92," which "is transcribed in the DEA 6 [and]

documented in the *Vaughn* [index] as pages 133-37."  Myrick Decl. ¶ 56 & n.4.  Therefore, the

Court grants summary judgment to defendant on the search question.

## 2. Claimed Exemptions

Defendant invokes four subsections of FOIA exemption 7 as the bases of its

withholdings.  Exemption 7 protects from disclosure "records or information compiled for law

enforcement purposes," but only to the extent that disclosure of such records would cause one or

more of the enumerated harms set out at § 552(b)(7); *see Fed. Bureau of Investigation v.

Abramson*, 456 U.S. 615, 622 (1982).  "To show that the disputed documents were compiled for

law enforcement purposes, the [agency] need only establish a rational nexus between the

investigation and one of the agency's law enforcement duties and a connection between an

individual or incident and a possible security risk or violation of federal law."  *Blackwell v. Fed.

Bureau of Investigation*, 646 F.3d 37, 40 (D.C. Cir. 2011) (internal quotation marks and citations

omitted).

Given that plaintiff requested all records pertaining to a criminal investigation, it is safe

to conclude that the records were compiled for law enforcement purposes.  Moreover, DEA's

declarant confirms as much.  *See* Myrick Decl. ¶ 28 (describing responsive material); *id* ¶ 58

("The [responsive] records were compiled during criminal law enforcement investigations of the

plaintiff and several third parties.")  Therefore, the remaining question is whether DEA properly

withheld information under FOIA exemptions 7(C), 7(D), 7(E), and 7(F).[2]  The Court considers

both the Myrick declaration and the accompanying *Vaughn* index, ECF No. 28-5.

---

[2]   DEA has withdrawn its reliance on FOIA exemption 3 to withhold information.  Myrick
Decl. at 10, n.3.

**A.  Exemption 7(C)**

FOIA Exemption 7(C) protects from disclosure information in law enforcement records that "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C).  In determining whether this exemption applies to particular material, the Court must balance the interest in privacy of individuals mentioned in the records against the public interest in disclosure.  *See Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1115 (D.C. Cir. 2007); *Beck v. Dep't of Justice*, 997 F.2d 1489, 1491 (D.C. Cir. 1993). The privacy interest at stake belongs to the individual, not the government agency, *see Reporters Comm.*, 489 U.S. at 763-65; *Nat'l Ass'n of Retired Fed. Employees v. Horner*, 879 F.2d 873, 875 (D.C. Cir. 1989) (noting individual's significant privacy interest "in avoiding the unlimited disclosure of his or her name and address"), and "individuals have a strong interest in not being associated unwarrantedly with alleged criminal activity."  *Stern v. Fed. Bureau of Investigation*, 737 F.2d 84, 91-92 (D.C. Cir. 1984).  "[T]he only public interest relevant for purposes of Exemption 7(C) is one that focuses on 'the citizens' right to be informed about what their government is up to.' " *Davis v. U.S. Dep't of Justice*, 968 F.2d 1276, 1282 (D.C. Cir. 1992) (quoting *Reporters Comm.*, 489 U.S. at 773); *see also Sussman*, 494 F.3d at 1115.  It is the requester's obligation to articulate a public interest sufficient to outweigh an individual's privacy interest, and the public interest must be significant.  *See Nat'l Archives and Records Admin. v. Favish*, 541 U.S. 157, 172 (2004).  In addition, to trigger the balancing requirement, the requester "must produce evidence that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred."  *Id.* at 175.

Courts have "long recognized the mention of an individual's name in a law enforcement file will engender comment and speculation and carries a stigmatizing connotation."  *Roth v. U.S.*

*Dep't of Justice*, 642 F.3d 1161, 1174 (D.C. Cir. 2011) (internal quotation marks and citations omitted). Thus, an agency may properly withhold the identities of targets of a law enforcement investigation, witnesses, informants, and law enforcement officers under exemption 7(C). *See SafeCard Servs.*, 926 F.2d at 1205; *Nix v. United States*, 572 F.2d 998, 1006 (4th Cir.1978) ("Public identification of [law enforcement personnel] could conceivably subject them to harassment and annoyance in the conduct of their official duties and in their private lives.").

DEA redacted the identities of and personal information about third-party law enforcement personnel, suspects, co-defendants, witnesses, potential witnesses and confidential sources. The disclosure of such information, Myrick avers, could "have a potentially stigmatizing or embarrassing effect on the individual and cause them to be subjected to unnecessary public scrutiny and scorn." Myrick Decl. ¶ 59. Myrick avers also that "plaintiff provided no facts to show any . . . cognizable public interest that would outweigh the privacy interests of any third party." *Id.* ¶ 60.

Plaintiff counters that the information is needed "to show that responsible officials", namely, an assistant United States attorney and a DEA Agent, "conspired/aided and abetted to commit misconduct, acted negligently and or otherwise improperly in the performance of their duties[.]" Pl.'s Opp'n. at 3. He then refers to his declaration and a portion of an unauthenticated transcript. The gist of plaintiff's public interest argument is that the withheld information "could corroborate [his] claim of innocence." Pl.'s Opp'n at ECF pg. 12. But none of plaintiff's proffered documents satisfy the "meaningful evidentiary showing" to support a public interest under FOIA. *Favish*, 541 U.S. at 175. In other words, the record contains no probative evidence of wrongdoing by any entity, let alone DEA since that component is not responsible for prosecuting cases. Moreover, it is established that "[plaintiff's] personal stake in the release of

the requested information is 'irrelevant' to the balancing of public and third-party privacy interests required by [e]xemption 7(C)." *Roth*, 642 F.3d at 1177 (quoting *Mays v. DEA*, 234 F.3d 1324, 1327 (D.C. Cir. 2000)). *See also Boyd v. Criminal Div. of U.S. Dep't of Justice*, 475 F.3d 381, 388 (D.C. Cir. 2007) (concluding that "a single instance of a *Brady* violation in Boyd's case would not suffice to show a pattern of government wrongdoing as could overcome the significant privacy interest at stake"). Consequently, the Court finds that defendant is entitled to summary judgment on exemption 7(C).

## B. Exemption 7(D)

FOIA Exemption 7(D) protects from disclosure those records or information compiled for law enforcement purposes that:

> could reasonably be expected to disclose the identity of a confidential source . . . [who] furnished information on a confidential basis, and, in the case of a record or information compiled by criminal law enforcement authority in the course of a criminal investigation . . ., information furnished by a confidential source.

5 U.S.C. § 552(b)(7)(D). There is no general "presumption that a source is confidential within the meaning of Exemption 7(D) whenever [a] source provides information [to a law enforcement agency] in the course of a criminal investigation." *U.S. Dep't of Justice v. Landano*, 508 U.S. 165, 181 (1993). Rather, a source's confidentiality must be determined on a case-by-case basis, *id*. at 179-80, and a presumption of confidentiality arises only in narrowly defined circumstances, *id*. at 181. "A source is confidential within the meaning of [E]xemption 7(D) if the source 'provided information under an express assurance of confidentiality or in circumstances from which such an assurance could be reasonably inferred.' " *Williams v. Fed. Bureau of Investigation*, 69 F.3d 1155, 1159 (D.C. Cir. 1995) (quoting *Landano*, 508 U.S. at 170-74).

DEA's declarant indicates that information was withheld based on an implied grant of confidentiality to individuals who "were associated with or involved in [p]laintiff's criminal activities." Myrick Decl. ¶¶ 64-65.  She avers that plaintiff was convicted of trafficking in cocaine, had a criminal history of "firearms violations and violence," and was arrested with a weapon.  Myrick Decl. ¶ 65.  In addition, DEA's experience is "that violence is inherent in the trafficking in cocaine."  *Id*.  Plaintiff counters that he "does not seek to learn the identity of any confidential source, or any information furnished by the confidential source."  Pl.'s Facts Stmt.. at 3.  His "specific challenge is to these records being withheld as being investigative records or information compiled by criminal law enforcement authority in the course of [his] criminal investigation."  *Id*.  Plaintiff admits that the requested phone records of calls made from the Concord Hotel on "the day the Plaintiff was alleged to be talking on the phone to the convicted individuals . . . would be records obtained during the course of the criminal investigation [of those individuals]."  *Id*. at 4.  What plaintiff fails to grasp is that the threshold law enforcement purpose is satisfied irrespective of who was the target of the investigation if, as here, the responsive information is contained in records that were compiled for that purpose.

In *Mays v. Drug Enforcement Admin*., the Court of Appeals discusses " 'generic circumstances in which an implied assurance of confidentiality fairly can be inferred.' " 234 F.3d 1324, 1329-31 (D.C. Cir. 2000) (quoting *Landano*, 508 U.S. at 179).  It concluded that there was "no doubt that a source of information about a conspiracy to distribute cocaine typically faces a sufficient threat of retaliation that the information he provides should be treated as implicitly confidential."  *Id*.  Plaintiff's puzzling retort presents no genuine issue on DEA's withholding of confidential source information, which it has properly justified under exemption 7(D).  Consequently, the Court finds that defendant is entitled to summary judgment on this exemption.

**C.  Exemption 7(E)**

FOIA Exemption 7(E) protects from disclosure law enforcement records "to the extent that the production of such . . . information . . . would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law."  5 U.S.C. § 552(b)(7)(E).  Courts have held that information pertaining to law enforcement techniques and procedures properly is withheld under exemption 7(E) where disclosure reasonably could lead to circumvention of laws or regulations.  The Court of Appeals "sets a relatively low bar for the agency to justify withholding" information under Exemption 7(E).  *Blackwell v. FBI*, 646 F.3d 37, 42 (D.C. Cir. 2011).  Still, "the agency must at least provide some explanation of what procedures are involved and how they would be disclosed.'"  *Citizens for Responsibility & Ethics in Washington ("CREW") v. DOJ*, 746 F.3d 1082, 1102 (D.C. Cir. 2014).  The exemption allows for withholding information "not just for circumvention of the law, but for a risk of circumvention; not just for an actual or certain risk of circumvention, but for an expected risk; not just for an undeniably or universally expected risk, but for a reasonably expected risk; and not just for certitude of a reasonably expected risk, but for the chance of a reasonably expected risk."  *Mayer Brown LLP v. IRS*, 562 F.3d 1190, 1193 (D.C. Cir. 2009).

DEA withheld G-DEP codes and NADDIS numbers, which are "identifiers [that] relate[] solely to internal DEA practices and can only be legitimately utilized by agency personnel functioning within the agency."  Myrick Decl. ¶ 68.  The codes and numbers "reflect procedures prescribed by the DEA Agents Manual," which "sets forth the practices and guidelines used by

DEA special agents," and other law enforcement and agency personnel involved in gathering and documenting activities during the course of a criminal investigation. *Id.* ¶ 67.

G-DEP codes, assigned when a case file is opened, "indicate the classification of the violator(s), the types and amount of suspected drugs involved, the priority of the investigation and the suspected location and scope of criminal activity." *Id.* ¶ 69. NADDIS numbers are "assigned to [known and suspected] drug violators . . . and entities that are of investigative interest." *Id.* ¶ 70. "Each number is unique and is assigned to only one violator within the DEA NADDIS indices." *Id.* DEA's declarant explains that the release of the codes could "thwart . . . DEA's investigative and law enforcement efforts" because if decoded, "[s]uspects [could] change their pattern of drug trafficking" based on what they think DEA knows or "avoid detection and apprehension and create excuses for suspected activities." *Id.* ¶ 71. Similarly, the release of NADDIS numbers "could allow violators to avoid apprehension, and could place law enforcement personnel or informants in danger, since many details of a DEA investigation would be disclosed." *Id.* ¶ 72. This is because "violators would be aware of how to respond in different situations where detection and/or apprehension are eminent [sic] . . . in a manner that would help them avoid detection and arrest." *Id.* DEA also redacted the work telephone numbers of personnel engaged in the criminal investigation under this exemption, in conjunction with exemption 7(C). *Id.* ¶ 73. Myrick avers that the release of the telephone numbers could subject those "individuals to harassing telephone calls." *Id.* ¶ 74. Thus, the Court finds them properly redacted under exemption 7(C) and will not address the propriety of withholding the same numbers under exemption 7(E).

Plaintiff counters that he "has no desire to acquire any knowledge" about the information withheld under exemption 7(E) and reasserts his challenge to the asserted law enforcement

purpose.  Pl.'s Facts Stmt. at 4.  DEA's redaction of G-DEP codes and NADDIS numbers from

records responsive to FOIA requests has been routinely upheld for the same reasons asserted

here.  *See Dorsey v. EOUSA*, 83 F. Supp. 3d 347, 357-58 (D.D.C. 2015) (citing *Higgins v. U.S.*

*Dep't of Justice,* 919 F. Supp. 2d 131, 151 (D.D.C. 2013); *Miller v. U.S. Dep't of Justice*, 872 F.

Supp. 2d 12, 28-29 (D.D.C. 2012)).  In the absence of any challenge to those withholdings, the

Court finds them properly justified.  Consequently, summary judgment is granted to defendant

on exemption 7(E).

**D.  Exemption 7(F)**

FOIA Exemption 7(F) protects from disclosure information in law enforcement records

that "could reasonably be expected to endanger the life or physical safety of any individual."  5

U.S.C. § 552(b)(7).  DEA invokes this exemption in conjunction with exemption 7(C) as the

basis for withholding third-party identifying information.  Myrick Decl. ¶ 75.  Since the Court

has already approved the redaction of the same information under exemption 7(C), it will not

address the exemption 7(F) claim but finds it properly invoked.

**E.  Record Segregablity**

DEA's declarant avers that "[a]ll of the responsive information was examined to

determine whether any reasonably segregable information could be released."  Myrick Decl. ¶

77.  DEA withheld entire pages where "the release of any additional information would . . . result

in the disclosure of no useful information, or incomprehensible words and/or phrases that would

not shed any light on how the Government conducts business" or that would result in the harms

contemplated by the claimed exemptions.  *Id*.  The records withheld in their entirety consist

mostly of forms, wherein any nonexempt information is so intertwined with the exempt

information as to render the release of any nonexempt portions meaningless.  *See* Myrick Decl.

¶¶38-56; *Vaughn* index , ECF pp. 11, 31-32, 34-37, 49-51, 75, 77-78, 82, 94-95, 107.  The Court

of Appeals has "long recognized . . . that documents may be withheld in their entirety when

nonexempt portions 'are inextricably intertwined with exempt portions.' "  *Juarez v. Dep't of*

*Justice*, 518 F.3d 54, 61 (D.C. Cir. 2008) (quoting *Mead Data Central, Inc. v. U.S. Dep't of Air*

*Force*, 566 F.2d 242, 260 (D.C. Cir. 1977)).  The Court is satisfied that DEA has released all

reasonably segregable non-exempt information contained in the responsive records.

**CONCLUSION**

For the foregoing reasons, the Court grants DOJ's motion for summary judgment and

denies plaintiff's cross-motion for summary judgment.  A separate order accompanies this

Memorandum Opinion.


SIGNED:     EMMET G. SULLIVAN
UNITED STATES DISTRICT JUDGE

DATE:   September 25, 2015